Bradley D. Liggett, SBN 259274
Ryan D. Harris, SBN 217154
Harris Personal Injury Lawyers
1025 Farm House Lane, 2F
San Luis Obispo, CA 93401
P: (805) 544 0100
F: (805) 544 0101
E: brad@harrispersonalinjury.com

Attorney for Plaintiffs
*Robert Chavez and Alexandria Davis*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT CHAVEZ, an individual; ALEXANDRIA DAVIS, an individual;<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF THE NAVY; UNITED STATES OF AMERICA; and DOES 1 through 20, Inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs ROBERT CHAVEZ and ALEXANDRIA DAVIS ("Plaintiffs") allege as follows:

**I.   JURISDICTION AND VENUE**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which provides that United States District Courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages" and which vests exclusive subject matter jurisdiction of the Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1402(b) because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Central District of California. Venue is proper specifically in the Western Division of

1 this District because the negligent acts giving rise to the Federal Tort Claim alleged herein
2 occurred within the Western Division of the Central District of California, specifically within
3 San Luis Obispo County.

4  3. Pursuant to 28 U.S.C. § 2675(a), Plaintiffs presented a separate and individual
5 administrative claim to the Unites States Department of the Navy. This claim was presented on
6 or about September 25, 2018, more than six months from the current date. The United States
7 Department of the Navy has failed to make a final disposition of this claim, and Plaintiffs deem
8 such failure to be a denial of the claim.

## II. PARTIES

10  4. Plaintiffs hereby incorporate by reference all above paragraphs as though fully set
11 forth herein.

12  5. Plaintiff Robert Chavez is a natural person and United States citizen who, at all
13 times herein relevant, resided in Franklin County, Washington.

14  6. Plaintiff Alexandria Davis is a natural person and United States citizens who
15 currently resides in Clark County, Nevada and who resided in San Luis Obispo County,
16 California on the date of the subject incident.

17  7. Decedent, Priscilla Williams, was a natural person and United States Citizen who,
18 at all times herein relevant, resided in San Luis Obispo County, California.

19  8. Decedent, Richard Linn, was a natural person and United Citizen who, at all times
20 herein, was employed by the United States Department of the Navy.

21  9. Defendant, United States Department of the Navy, is an agency of Defendant the
22 United States of America.

23  10. Plaintiffs are unaware of the names and capacities of Defendants Does 1 through
24 20 inclusive, and therefore sues them by fictitious names. Plaintiffs will amend their Complaint
25 to show the true names and capacities of these Defendants once they are ascertained. Plaintiffs
26 are informed, believe and thereon allege that each of these Defendants is responsible in some
27 manner for the wrongful acts alleged in their Complaint and proximately caused Plaintiffs'
28 damages.

11. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendants, and each of them, were and are the agents and employees of the remaining Defendants and were and are at all times herein relevant acting within the course and scope of said agency and employment and that each defendant has ratified and approved the acts of his/her/its agent.

### III. LIABILITY OF THE UNITED STATES AND DEPARTMENT OF THE NAVY

12. Plaintiffs hereby incorporate by reference all above paragraphs as though fully set forth herein.

13. The liability of Defendant, United States of America, and the liability of its agent, Defendant United States Department of the Navy is predicated specifically on 28 U.S.C. § 1346(b) and 2674 because the personal injuries and wrongful death, and resulting damages of which complaint is herein made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of Defendants, United States of America and United States Department of the Navy, by reason of the acts of Defendants, United States of American and United States Department of the Navy, through their employee, in an unincorporated area of the County of San Luis Obispo, California, while acting within the course and scope of their employment, under circumstances where Defendants, United States of America and United States Department of the Navy, if private persons, would be liable to Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of California.

14. Again, as is alleged above, Defendant, United States Department of the Navy, is an agency of Defendant United States of America. Defendant United States of America, at all times material hereto, owned, operated, and controlled the agency and service known as the United States Department of the Navy, and through said agency owned, operated and maintained equipment, facilities, and services driven by Defendant United States Department of the Navy's employee.

15. This is an action brought under the Federal Tort Claims Act for personal injuries arising out of an automobile collision which occurred on or about May 9, 2017, on California

State Route 46, in an unincorporated area of the County of San Luis Obispo, State of California. This location is within the Central District of California – Western Division.

## IV. FACTUAL ALLEGATIONS

16.     Plaintiffs hereby incorporate by reference all above paragraphs as though fully set forth herein.

17.     At all times herein mentioned, "Defendants" refers to the United States Department of the Navy and The United States of America and Does 1 through 20.

18.     At all times herein mentioned Defendants were the operator of that certain vehicle owned and/or controlled by Defendants.

19.     At all times herein mentioned Defendants operated that certain vehicle owned by Defendants in the course and scope of their employment with Defendants and acted as an agent for Defendants.

20.     On or about May 9, 2017, Defendants operated Defendants vehicle in such a negligent manner as to make an unsafe turning maneuver with their vehicle, cross over into oncoming traffic and consequently cause a collision with Decedent's and a vehicle driven by Plaintiff Robert Chavez and a vehicle driven by Priscilla Williams, who is the mother of Plaintiff Alexandria Davis, causing serious injuries to Decedent Priscilla Williams and Plaintiffs.

## V. FIRST CAUSE OF ACTION
## NEGLIGENCE

21.     Plaintiffs hereby incorporate by reference all above paragraphs as though fully set forth herein.

22.     On or about May 9, 2017, Defendants operated Defendants' vehicle in San Luis Obispo County in such a negligent manner as to maintain an unreasonable speed unsafe for the conditions and, as a result, smash into Decedent Williams's and Plaintiff Chavez's vehicles, causing Decedent's and Plaintiff's bodies to be violently tossed back and forth, all of which resulted in serious injuries to Plaintiff Chavez and Decedent Williams, including the death of Williams.

23. At said times and places, Defendants negligently, carelessly, and without due care or regard for the life, safety, and rights of Decedent Williams and Plaintiff Chavez, did so own, maintain, operate, and/or failed to maintain the vehicle driven by Defendants in a safe manner, causing Defendants vehicle to slam into Decedent Williams's and Plaintiff Chavez's vehicles, causing serious injuries to Plaintiff Chavez and Decedent Williams, including the death of Williams.

24. Defendants, employees of Defendants, caused the aforementioned collision while in the course and scope of their employment with, and while acting as an agent for them. Therefore, Defendants are all fully responsible for Defendants conduct through the doctrine of *respondeat superior*.

25. As a proximate result of the negligence of Defendants, and each of them, Decedent Williams and Plaintiff Chavez were hurt and injured in their health, strength, and activity, sustaining injury to their body and shock and injury to their nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs great mental, physical and emotional distress and pain and suffering. Plaintiffs are informed, believes and thereon allege, that said injuries will result in some permanent disability to said Plaintiffs, all to their general damages in an amount to be proven at trial.

26. As a proximate result of the negligence of the Defendants, and each of them, Plaintiffs have incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

27. As a proximate result of the negligence of the Defendants, and each of them, Plaintiffs have sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

28. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiffs have suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

29. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiffs have suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

30. Plaintiffs are further informed, believe, and thereon allege, that Defendants:

   a. Violated Vehicle Code § 22107 in that Lin turned his vehicle from a direct course upon the roadway without reasonable safety and without giving the appropriate signal and

   b. As a result, caused a significant and violent impact between Defendants' vehicle and Decedent Williams's and Plaintiff Chavez's vehicles.

31. Plaintiffs are further informed, believe and thereon allege that as a direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Decedent Williams and Plaintiff Chavez were injured in their health, strength and activity, in various parts of their body. Decedent Williams and Plaintiff Chavez also sustained shock and injury to their nervous system and person, all of which injuries have caused and continue to cause Plaintiffs severe mental, physical and nervous injury, anxiety, and pain and suffering. Plaintiffs are informed, believe, and thereon allege, that these injuries caused by Defendants will result in some permanent disability to Plaintiffs, all to their general damages, in an amount to be proven at trial.

32. Plaintiffs are informed, believe and thereon allege, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiffs were required to, and did, employ physicians, nurses, hospitals, therapists, and other medical and emergency professional services to treat and care for Decedent Williams and Plaintiff Chavez. As a result, Plaintiffs incurred and continue to incur expenses for medical and emergency treatment and care, medicines, and incidental care.

33. As a proximate result of the negligence of the Defendants, Plaintiffs have sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

34. As a further proximate result of the negligence of the Defendants, Plaintiffs have suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

## VI. SECOND CAUSE OF ACTION

## WRONGFUL DEATH

(As to Plaintiff Davis only against all Defendants)

35. Plaintiffs hereby incorporate by reference all above paragraphs as though fully set forth herein.

36. On or about May 9, 2017, Defendants operated Defendants vehicle in such a negligent manner as to cause a collision between Decedent's vehicle and Defendants vehicle, all of which caused serious injuries to Decedent Williams.

37. At said times and places, Defendants negligently, carelessly, and without due care or regard for the life, safety, and rights of Decedent Williams, did so fail to own, entrust, operate, and/or maintain the vehicle driven by Defendants in a safe manner, causing the subject incident, all of which caused serious injuries to Decedent Williams.

38. Defendants were employees of Defendants, caused the collision while in the course and scope of their employment with, and while acting as an agent for them. Therefore, Defendants are all fully responsible for Defendants conduct through the doctrine of respondeat superior.

39. At all times herein mentioned, Decedent Lin was acting within the course and scope of his employment with Defendants. Decedent Lin, through his employment with Defendants, was operating a vehicle belonging to Defendant United States Department of the Navy.

40. As a proximate result of the negligence of Defendants, and each of them, Decedent Williams was hurt and injured in their health, strength, and activity, sustaining injury to their bodies and shock and injury to their nervous systems and persons, all of which said injuries have caused, and/or continue to cause them great mental, physical, and emotional distress, and nervous pain and suffering. Plaintiff Davis is informed and believes and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff Davis, all in

addition to Plaintiff Davis's general damages in an amount to be proven at trial.

41. As a proximate result of the negligence of Defendants, and each of them, Plaintiff Davis and Decedent Williams have incurred and/or will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

42. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff Davis and Decedent Williams have suffered and/or will continue to suffer general damages in an amount presently unknown but which will be proven at the time of trial.

43. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff Davis and Decedent Williams have suffered and/or will continue to suffer economic damages and loss of earnings in an amount presently unknown but which will be proven at the time of trial.

44. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff Davis and Decedent Williams have suffered and/or will continue to suffer, a loss of earning capacity in an amount presently unknown but that will be proven at the time of trial.

45. Plaintiff Davis is further informed, believes, and thereon alleges that on May 9, 2017, Defendant violated Vehicle Code § 22107 which states: "No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal." That violation was a substantial factor in bringing about the harm to Plaintiff Davis and Decedent Williams, including the death of Williams.

46. As a direct and proximate cause of the wrongful acts of Defendants, Decedent Williams died on June 13, 2017.

47. As a direct and proximate cause of the wrongful acts of Defendant, Plaintiff Davis has been deprived of Decedent Williams's financial support that she would have contributed during her life expectancy prior to her death.

48. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff Davis has been deprived of gifts or benefit that they would have expected to receive from Decedent Williams.

52. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff Davis has been deprived of Decedent Williams's love, comfort, society, protection, services and support, thereby proximately causing Plaintiff Davis's general damages in an amount to be determined according to proof.

53. As a direct and proximate cause of the wrongful acts of Defendants, Decedent Williams was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional, and incidental expenses for which Plaintiff Davis seeks recovery in an amount that is unknown at this time but which will be proven at the time of trial.

54. As a direct and proximate cause of the wrongful acts of Defendants, Decedent Williams sustained severe and fatal injuries. Plaintiff Davis is informed and believes, and thereupon alleges, that she will thereby sustain a loss of Decedent Williams's earnings and earning capacity, both past and future. The exact amount of such losses will be stated according to proof, pursuant to Code of Civil Procedure section 425.10.

55. As a direct and proximate cause of the wrongful acts of Defendants, Plaintiff Davis has incurred funeral and burial expenses, in an amount to be determined according to proof.

## VIII. THIRD CAUSE OF ACTION
## SURVIVAL ACTION

(As to Plaintiff Davis only against all Defendants)

56. Plaintiffs incorporate herein by reference all paragraphs hereinabove as if fully set forth in detail below.

57. Plaintiff Davis brings and maintain this cause of action on behalf of Decedent Williams as the Successors in Interest. As such, pursuant to CCP 377.34, Plaintiff Davis as Successor in Interest of Decedent Williams seeks to recover all damages that Decedent

Williams sustained or incurred before death.

58. From the time of the Subject Incident on January 30, 2015 up to the time of Decedent Williams's death on July 2, 2015, Decedent Williams suffered from severe and debilitating injuries with surgeries, thereby incurring medical expenses for emergency medical treatment, ongoing medical care in and out of the hospital, specialist visits, surgeries, etc. Plaintiff Davis as the Successor in Interest of Decedent Williams and Decedent Williams's estate have a valid claim and causes of action to recover damages for these items.

59. On January 30, 2015, and for a measurable period of time before the death of Decedent Williams, the personal property of Decedent Williams, including her clothing and other personal items were damaged and destroyed. During this same time, Decedent Williams also incurred medical expenses for emergency medical treatment and transport. Plaintiff Davis as Successor in Interest of Decedent Williams and Decedent Williams's estate has a valid claim and causes of action to recover damages for these items.

60. As a direct and proximate result of the negligence as set forth herein, Plaintiff Davis as Successor in Interest of Decedent Williams and Decedent Williams's estate seeks to recover economic damages related to the personal property destroyed in the Subject Incident, and all other related expenses, damages, and losses permitted by CCP Section 377.34.

## JURY DEMAND

61. Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1. General damages to Plaintiffs, according to proof;
2. Economic damages to Plaintiffs, according to proof,
3. Medical and related expenses of Plaintiffs, according to proof;
4. Loss of earnings of Plaintiffs, according to proof;
5. Loss of earning capacity of Plaintiffs, according to proof;
6. Costs of suit herein;

1    7.    Loss of Plaintiffs' property, according to proof;

2    8.    Loss of use of Plaintiffs' property to Plaintiff, according to proof;

3    9.    Prejudgment interest;

4    10.   Such other further relief as the Court deems just and proper.

Dated: May 21, 2019                              Harris Personal Injury Lawyers, Inc.

_____
Bradley D. Liggett
Attorney for Plaintiffs